UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
ROBERT AND JANE SOLOMON,         :
                                 :
                    Plaintiffs,  :     ORDER
                                 :     11-CV-1321 (DLI)
         -against-               :
                                 :
SIEMENS INDUSTRY, INC., et al.,  :
                                 :
                    Defendants.  :
-------------------------------------------------------------------- x
GOLD, STEVEN M., U.S.M.J.:

    Plaintiffs, proceeding *pro se*, originally filed this action in state court by serving a summons and notice. Defendants then removed the action to the Eastern District of New York on March 18, 2011. Plaintiffs have moved for appointment of counsel pursuant to 28 U.S.C. § 1915. Docket Entry 6. Defendants move to compel plaintiffs to file a complaint that complies with Federal Rule of Civil Procedure 8(a). Docket Entry 13.

    Under New York law, a plaintiff may initiate an action by filing a summons with notice, without including any complaint or formal pleading. N.Y. C.P.L.R. 304(a), 305(b). The Federal Rules of Civil Procedure govern an action once it is removed. FED. R. CIV. P. 81(c)(1). A complaint in a federal action must comply with Rule 8, which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, repleading is not required "unless the court orders it." FED. R. CIV. P. 81(c)(2).

    As the Supreme Court has stated, Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007)). A complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy Rule 8. *Id*. (quoting *Twombly*, 550 U.S. at 557).

Here, plaintiffs' summons with notice states only that their cause of action is for tortious interference with contract and seeks $10,500,000 in damages. Docket Entry 2-1. No factual details are provided. *Id*. Even if I construe plaintiffs' summons with notice as a pleading, and even construing their *pro se* pleading liberally as I must, *see McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), plaintiffs' pleading clearly fails to meet the minimal requirements of Rule 8 and *Iqbal* and thus may be subject to dismissal.

Moreover, while as noted above, repleading is not required after removal unless ordered by the court, "federal courts will accept, as operative, papers served in state court *which satisfy the notice-giving function of pleadings* under the Federal Rules of Civil Procedure." *Frank B. Hall & Co., Inc. v. Rushmore Ins. Co., Ltd.*, 92 F.R.D. 743, 745 (S.D.N.Y. 1981). Plaintiffs' summons with notice clearly fails to give the required notice.

Finally, I am unable to rule on plaintiffs' motion for appointment of counsel without a factual complaint. In assessing whether to grant plaintiffs' motion for appointment of counsel, a court must consider whether plaintiffs have a legal claim or defense "'likely to be of substance,'" or that has "'some chance of success.'" *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986)). Without further factual details amplifying plaintiffs' claim, I cannot determine whether it has any substance or likelihood of success.

Accordingly, pursuant to Rule 81(c)(2), I hereby order plaintiffs to file a complaint that complies with Rule 8(a)(2) and *Iqbal* no later than **July 8, 2011**. Plaintiffs must provide a "short and plain statement" with sufficient factual detail about their tortious interference claim to

plausibly suggest that they are entitled to relief. *See Harris v. Queens County Dist. Attorney's Office*, 2009 WL 3805457, at *11 (E.D.N.Y. Nov. 9, 2009) (noting the elements for a tortious interference claim are "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom") (quoting *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-02 (2d Cir. 2006)). A failure to comply with this Order may result in a recommendation that this case be dismissed for failure to prosecute.

Plaintiffs request that any ruling on defendants' motion to compel plaintiffs' filing of a complaint be deferred until after the initial conference previously scheduled for June 29, 2011. Docket Entry 17. I do not believe that any conference would be productive without the benefit of a complaint with the necessary factual details. Moreover, although they are proceeding *pro se*, plaintiffs must still comply with the procedural requirements of the Federal Rules of Civil Procedure. *See Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) *("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.")* (internal quotation marks omitted).

The initial conference previously scheduled for June 29th is adjourned to **3:00 p.m. on July 19, 2011**. At the conference, defendants shall be prepared to articulate the basis for any Rule 12 motion they contemplate.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 16, 2011

*U:\eoc 2011\solomon order 061611.docx*