UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERT SOLOMON and JANE SOLOMON, :
*pro se*, : **MEMORANDUM AND ORDER**
:
Plaintiffs, : 11-CV-1321 (DLI) (SMG)
:
-against- :
:
SIEMENS INDUSTRY, INC., SIEMENS :
ENERGY & AUTOMATION, and FRANK A. :
KRUTEMEIER, :
:
Defendants. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se*[1] plaintiffs Robert Solomon and Jane Solomon, (collectively, "Plaintiffs"), brought this action in the Supreme Court of the State of New York, Queens County ("state court" or "state court action"), against defendants Seimens Industry, Inc. ("SII"), Siemens Energy & Automation ("SEA"), and Frank A. Krutemeier[2] (collectively, "Defendants"), alleging tortuous interference with contract. On May 18, 2011, Defendants filed a notice of removal on consent of all Defendants, to the United States District Court for the Eastern District of New York ("E.D.N.Y.") pursuant to 28 U.S.C. §§ 1441, 1446(b) and Local Civil Rule 81.1. By letter dated April 25, 2011, Plaintiffs objected to removal of the instant action. In light of Plaintiffs' *pro se* status, the court will liberally construe Plaintiffs' letter as a motion for remand. *See Erickson*,

---

[1] In reviewing Plaintiffs' motion for remand, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Accordingly, the court interprets Plaintiffs' motion for remand "to raise the strongest arguments that [it] suggest[s]." *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Defendants note in their notice of removal that the correct spelling of the individual defendant is Frank Krutemeier, not Frank Kreutemeier. The Clerk of the Court is hereby instructed to correct the spelling of Mr. Krutemeier's name in the caption of this action.

1

551 U.S. at 94; *Triestman*, 470 F.3d at 474.  Defendants opposed the motion for remand.  For the reasons set forth below, Plaintiffs' motion for remand is denied.

## BACKGROUND

Defendants removed the instant action to this court on the basis of federal diversity jurisdiction.  Plaintiffs allege that they reside in New York, however Defendants allege that Plaintiffs are citizens of Florida for purposes of diversity jurisdiction.  (*See* Docket Entry No. 5 ("Pl. Mot.") ¶ 4; Docket Entry No. 7, Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand ("Def. Opp.") at 2-3.)  Defendants allege that none of the Defendants are citizens of Florida or New York and, instead, are collectively citizens of Delaware, Georgia and the foreign nation of Germany.  (*See* Def. Opp. at 3-5, 7-8.)  The Summons with Notice submitted by Plaintiffs in the state court action indicates that the amount in controversy is $10.5 million and requests injunctive relief.  (*See* Docket Entry No. 1, Defendants' Notice of Removal ("Notice of Removal"), Ex. A.)

Plaintiffs state in their motion for remand that they wish to prosecute the instant case in state court because they have no money for an attorney, they are elderly, it is difficult for them to travel to the federal courthouse in this district from their residence in Queens and they believe they will be better able to represent themselves in an action in state court as opposed to federal court. (Pl. Mot. ¶ 4.)  Plaintiffs also provide background information and argue the merits of this action, which are irrelevant to the motion for remand and, thus, will not be addressed in this Memorandum and Order.

**DISCUSSION**

**I.      Standard of Review**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[,] . . . to the district court of the United States for the district and division embracing the place where such action is pending." District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). Removal is warranted pursuant to 28 U.S.C. § 1332 "only if no defendant is a citizen of the state in which the action is brought." *Perez v. Hornbeck Offshore Transp., LLC*, 2011 WL 1636244, at *2 (E.D.N.Y. Apr. 28, 2011) (citing 28 U.S.C. § 1441(b)).

Remand of an action previously removed to federal court will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). "[T]he question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998) (internal citations and quotation marks omitted). "[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Id.*

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). "Whether a corporation has offices or does business in any given state is not controlling for this analysis." *Vargas v. Holden*, 2011 WL 446199, at *1 (S.D.N.Y. Feb. 8, 2011).

An individual person's citizenship for purposes of diversity is based upon his domicile, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948 (citations and internal quotation marks omitted). A person can only have one domicile at a time. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). To show a change in domicile has taken place, the party must show, by clear and convincing evidence, residence in a new domicile and the intention to remain there indefinitely. *Palazzo*, 232 F.3d at 42.

## II.  Analysis

The only challenge Plaintiffs make to diversity jurisdiction here is that their address is in Queens and "Siemens[3] has an office in Maspeth Queens."[4] (Pl. Mot. ¶ 4.) In contrast, Defendants state in their Notice of Removal that "SII was at the time of the filing of this action, and still is [as of March 18, 2009, the date of the notice of removal], a corporation incorporated under the laws of the State of Delaware, having its principal places of business [in] . . . Georgia." (Docket Entry No. 1 ("Notice of Removal") ¶ 10.) Defendants also state that SEA was merged into SII and dissolved effective October 1, 2010 and, "prior to its dissolution, SEA was a corporation incorporated under the laws of Delaware, having a principal place of business [in] . . . Georgia." (*Id.* ¶ 11.) Defendants support these assertions with a sworn declaration and certificates of incorporation for SII and SEA. (*See* Docket Entry No. 9.) Even if Siemens did have "an office" in New York, that alone does not cause any of the Defendants to be a citizen of

---

[3] Although it is unclear whether Plaintiffs are referring to SII or SEA, it does not affect the court's analysis here.

[4] Plaintiffs also argue, in their May 20, 2011 letter in further support of their motion for remand, that "Schlesinger-Siemens Electrical LLC [is] a company headquartered in Maspeth Queens, NY." (Docket No. 15 at 1.) Not only is Schlesinger-Siemens Electrical LLC not a defendant in this action, but the exhibit Plaintiffs provide in support of their reply only states that the company is registered to do business in the state of New York, not that its principal place of business is in New York. (*See* Docket No. 15, Ex. A.)

4

New York for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Vargas*, 2011 WL 446199 at *1 ("[w]hether a corporation has offices or does business in any given state is not controlling" in determining citizenship of a corporation for purposes of diversity jurisdiction); *Utopia Studios Ltd. v. Earth Tech., Inc.*, 607 F. Supp. 2d 443, 445 (E.D.N.Y. 2009) ("the fact that the parties' business dealings were all conducted in New York does not go to the salient question of where the company's [principal place of business is located]" for purposes of diversity jurisdiction). Defendants also assert, supported by Mr. Krutemeier's sworn declaration, that Mr. Krutemeier is an individual residing in, and a citizen of, Germany. This assertion is undisputed by Plaintiffs. (Notice of Removal ¶ 12; Docket Entry No. 10.) Thus, Defendants have satisfied their burden of demonstrating that Defendants are citizens of states other than Florida and New York for purposes of diversity jurisdiction.[5]

The Summons with Notice states that the amount in controversy is $10.5 million in addition to injunctive relief, and Plaintiffs do not appear to dispute that fact in their motion for remand. (*See id.*, Ex. A.) Therefore, as there is complete diversity and the amount in controversy is greater than $75,000 (without costs or interest), this court would have had original jurisdiction over the instant action and, thus, removal was proper.

Plaintiffs also raise hardship "objections" to removal of this action to this court, including insufficient funds to pay for an attorney, difficulty traveling from Queens to the federal court and difficulty representing themselves in federal court. These reasons are insufficient to warrant

---

[5] Although the parties dispute whether Plaintiffs are citizens of Florida or New York for purposes of diversity jurisdiction, this determination is unnecessary to resolve the instant issue of whether removal was proper here because all Defendants are citizens of states other than Florida or New York. (*See* Notice of Removal ¶¶ 10, 11, 12.)

5

remand of the action. Removal from the state court in Queens County to the E.D.N.Y. was appropriate because Queens County is part of the E.D.N.Y. *See* 28 U.S.C. §§ 112(c); 1441(a). Moreover, there is no reason to believe that, for a *pro se* litigant, it would be more or less difficult to litigate a matter in federal court versus state court. Nor is travel between Brooklyn and Queens an onerous burden, given the availability of public transportation. If Plaintiffs continue *pro se* in this action, the court is mindful that it must hold their pleadings to less stringent standards than those drafted by lawyers, and will interpret their pleadings "to raise the strongest arguments that [they] suggest." *See Erickson*, 551 U.S. at 94; *Triestman*, 470 F.3d at 474.

## **CONCLUSION**

Defendants sufficiently have shown that no defendant is a citizen of the state of New York, and that this court would have original diversity jurisdiction over the instant action because the amount in controversy exceeds $75,000 and the action is between citizens of different states and a foreign state. *See* 28 U.S.C. § 1332(a)(3). Accordingly, removal of this action was proper and Plaintiffs' motion for remand is denied. *See* 28 U.S.C. § 1441(a); *Perez*, 2011 WL 1636244 at *2. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 18, 2011

                                              /s/
                                    DORA L. IRIZARRY
                              United States District Judge