```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT SOLOMON, JANE SOLOMON, AND       :
FIRST KEYSTONE CONSULTANTS, INC.,       :
                                        :       ORDER
                       Plaintiffs,      :       11-CV-1321 (DLI)
                                        :
       -against-                        :
                                        :
SIEMENS INDUSTRY, INC., et al.,         :
                                        :
                       Defendants.      x
------------------------------------------------------------------
GOLD, STEVEN M., U.S.M.J.:
```

Upon the stipulation of all parties, this Court entered a protective order on November 4, 2011. The stipulated protective order ("SPO"), Docket Entry 49-1, provides that any party may seek protection for a document by designating it to be confidential. SPO ¶ 4. The SPO also sets forth a procedure for challenging a designation of confidentiality. The procedure requires the receiving party to challenge the designation in writing to the producing party, and to bring a motion before the Court if the producing party and receiving party are unable to resolve their disagreement. SPO ¶ 8. The SPO specifically provides that, "[u]ntil the challenging party files and the Court rules on such a motion, the information, documents, or portions of documents designated Confidential shall retain their designated status." SPO ¶ 8.

On December 22, 2011, plaintiffs filed a letter motion seeking to strike the protective order to which they stipulated in November. Docket Entry 67. Plaintiffs attached documents to their motion, and filed them publicly, despite the fact that defendants had designated the documents as confidential pursuant to the SPO. Plaintiffs did not first write to defendants or file a motion with the Court contesting the designations. Instead, in a blatant *and* acknowledged violation of the terms of the SPO, plaintiffs placed the documents on the public record of this

case where they might be viewed by anyone. *See* DE 67 at 2 ("By attaching these documents, and not filing this Motion under seal, we technically are in violation of the Protective Order").

The only justification offered by plaintiffs for their blatant and willful violation of this Court's order is their view that defendants designated documents as confidential in bad faith. The SPO provides a procedure to be followed in such a circumstance. Plaintiffs stipulated they would follow that procedure, and the Court ordered them to do so. Plaintiffs chose to ignore the procedure and instead to violate the Order.

By letter motion dated December 27, 2011, Docket Entry 68, defendants ask, among other things, that plaintiffs be required to cure their improper disclosures of documents and information produced by defendants. This aspect of defendants' motion is granted. Plaintiffs shall contact the Clerk of the Court and ensure that the documents and information designated as confidential by defendants is removed from the public record and re-filed, if at all, under seal by the close of business on December 30, 2011. The Court will hear the parties' other pending motions, and the other aspects of defendants' letter motion dated December 27, 2011, at a conference to be held at 2:30 p.m. on January 11, 2012. Plaintiffs are alerted that the Court will consider at that time imposing sanctions for the conduct described above, and that future violations of Court orders will result in the issuance of an order to show cause why a finding of contempt and severe sanctions should not be imposed.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 29, 2011