```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT AND JANE SOLOMON and FIRST      :
KEYSTONE CONSULTANTS, INC.,            :
                                       :                ORDER
                       Plaintiffs,     :           11-CV-1321 (DLI)
                                       :
          -against-                    :
                                       :
SIEMENS INDUSTRY, INC., et al.,        :
                                       :
                       Defendants.     :
------------------------------------------------------------------ x
```
GOLD, STEVEN M., U.S.M.J.:

On November 3, 2011, the parties submitted a fully executed proposed stipulated protective order designed to preserve the confidentiality of various documents and information. Docket Entry 49. In general, the stipulation provided that information designated as confidential could be used only in this case and submitted to the Court only under seal.

I entered an order approving the parties' stipulation on November 4, 2011. Less than two months later, plaintiffs moved to strike the protective order they had just asked the Court to enter. Docket Entry 67. In essence, plaintiffs contended that defendants had designated documents as confidential without a legitimate basis. Plaintiffs attached documents to their publicly filed motion that defendants had designated as confidential, even while acknowledging that they were violating the protective order by doing so.

I addressed plaintiffs' motion to strike the protective order during a conference held on January 27, 2012. At that time, I expressed my concern that plaintiffs were using documents produced pursuant to the protective order in this case in furtherance of their litigation against other defendants in other lawsuits, as follows:

> The Solomons and First Keystone, to put it bluntly, are quite litigious. They have
> many lawsuits pending and there has been a concern that I have had and that I

> have observed of them using discovery from one case in furtherance of their position in another. I won't have that.

Tr. of Jan. 27, 2012, Docket Entry 87 ("Tr.") at 17. In addition, in response to plaintiffs' contention that defendants had unnecessarily designated documents as confidential, I ordered that the protective order be modified to include the following provision:

> if a party seeks to offer anything produced in discovery but marked as confidential to the Court the presumption will be that it will be filed publicly and not under seal in this action. I'm talking about to the Court in this case. However, before filing anything designated as confidential you'll tell -- give the other side a week's notice of its filing. If the other side objects, they're going to have to bring a motion within that week to preclude you from filing it.

*Id.*

During the course of the same conference, defendants questioned whether plaintiffs had used documents or information designated as confidential in violation of the terms of the protective order other than by submitting them in support of their letter motion to strike the protective order. In particular, defendants suggested that plaintiffs may have submitted documents produced pursuant to the protective order in opposition to a summary judgment motion made in another case brought by plaintiffs and pending before this Court, *First Keystone Consultants, Inc. v. Schlesinger Electrical Contractor, Inc.*, 10-cv-696. Mr. Agins, counsel for plaintiff First Keystone Consultants, Inc., in this action and in 10-cv-696, represented that "there were no further breaches of the confidentiality agreement in the course of the summary judgment motion [in 10-cv-696] or any other documents filed in that case or in this case." Tr. at 21.

On February 17, 2012, defendants submitted a letter charging that plaintiffs were threatening to violate the rulings I made during the conference on January 27. Docket Entry 91. Defendants pointed to an email from plaintiff Robert Solomon stating that he intended to file publicly, in this case and in 10-cv-696, "all documents that you improperly marked as

confidential relating to the Restructuring Agreement, the 'side letter garnishment agreement' and any other documents that you improperly marked confidential."

The position plaintiff Robert Solomon takes in his email violates my Order in two material respects. First, I permitted public filing only in this case, 11-cv-1321; I specifically held that documents produced pursuant to the protective order could not be used in other litigation, including in 10-cv-696. Indeed, as noted above, the protective order itself contains a similar provision. Second, Mr. Solomon's description of the documents he would publicly file – "any other documents that you [defendants] improperly marked confidential" – fails to provide the specific notice contemplated by my Order.

Accordingly, I hereby clarify and reiterate that documents produced in discovery in this case under a designation of confidentiality may be publicly filed, if at all, only in this case, and only if the confidential designation is successfully challenged. If any documents are sought to be used, cited, or relied on in any way in other cases, they must be obtained in discovery – whether from parties or non-parties – in those other cases. Moreover, before documents may be publicly filed in this case, the procedure for notice and objections I ordered on January 27 must be followed, and the notice must identify the documents that the noticing party seeks to file on the public docket by Bates number or other similarly specific designation.

Finally, defendants assert that plaintiffs have improperly used information taken from documents designated by defendants as confidential in opposition to a summary judgment motion pending in 10-cv-696. Plaintiffs' submission in 10-cv696 is now before the Court as part of a fully briefed motion. I therefore leave the question of whether the confidential information

should be stricken from plaintiffs' opposition papers in that case to the discretion of the Judge considering the motion.

                                          SO ORDERED.

                                          _____/s/_____
                                          STEVEN M. GOLD
                                          United States Magistrate Judge

Brooklyn, New York
February 28, 2012

*U:\Solomon v Siemens 022812 final.docx*